# Richmond

FOODTOWN, INC., SAM D. UKROP AND EMILY I. UKROP v. STATE HIGHWAY COMMISSIONER OF VIRGINIA, AND RILEY B. LOWE AND HELEN F. LOWE, HIS WIFE.

April 23, 1973.

Record No. 7982.

Present, All the Justices.

*Malcolm M. Christian* (*Cutchins, Wallinger, Christian & House,* on brief), for appellants.

*Richard H. C. Taylor; Thomas W. Blue, Assistant Attorney General* (*McCaul, Grigsby, & Pearsall; Andrew P. Miller, Attorney General,* on brief), for appellees.

I'ANSON, J., delivered the opinion of the court.

In June 1968 the State Highway Commissioner of Virginia filed his petition to acquire by eminent domain certain lands of Riley B. Lowe and Helen F. Lowe, his wife, in Hanover County, Virginia, to be used in connection with the construction of highway Route 295. A part of the land taken and the building thereon were leased to Foodtown, Inc., Sam D. Ukrop, and Emily I. Ukrop, his wife, ("Foodtown" or "lessees") on May 23, 1966, to be used as a food supermarket. Lessees intervened in the action, contending that the fixtures and equipment they had attached to the store building were included in the take by the Commissioner and that they were entitled to be paid for their property out of the funds awarded to the Lowes.

The record shows that $50,000 of the $248,625 deposited with the court as the fair market value of the property taken was ordered by the trial court to be held in an escrow savings account until the condemnation proceedings were concluded and until the claim of the lessees was determined; that in August 1969 the State Highway Commissioner and the Lowes entered into an agreement wherein the Commonwealth paid the Lowes $657,500 for the lands taken, "all improvements thereon, and all damages"; and that the trial court ordered that of the $408,875 additional payment ($657,500 minus the $248,625 already paid) $358,875 be paid to the Lowes, and that an additional $50,000 be held until the further order of the court.

On the same day that the Lowes executed the settlement agreement with the Highway Commissioner (August 21, 1969) Riley B. Lowe paid $6,320.52 to the Commonwealth "for all equipment located in Hanover County on Route 295, Project * * *, parcel 005."

On August 25, 1969, counsel for the Lowes notified the lessees that the supermarket property leased by them had been taken under the power of eminent domain by the State Highway Commissioner and he advised them to remove from the building "all personal property and fixtures which [they] care[d] to remove from the leased premises * * * no later than thirty days from this date."

Paragraph 11 of the lease between the Lowes and the lessees provided that

> "Lessee may install in the leased premises such fixtures and equipment as lessee deems desirable and all of the said items shall remain lessee's property whether or not affixed or attached to the leased premises. Lessee may remove said items from the leased premises at any time but shall repair any damage caused by removal."

And paragraph 14 of the lease provided in part that

"Nothing contained herein shall prevent lessor and lessee from prosecuting claims in any condemnation proceedings for the values of their respective interests."

The lessees were not required by the Commissioner to vacate the supermarket property after the Commonwealth acquired title thereto, and on November 24, 1969, the State Highway Commission leased the property to Foodtown, Inc., as a tenant from month to month. The lease between the Commission and Foodtown excepted the items listed and attached thereto and made a part of the lease agreement, "title to which items passed to Riley B. Lowe by virtue of an agreement dated August 21, 1969."

After a date had been set for a hearing on the lessees' claim, pursuant to Code § 33-67.2,[1] as amended, counsel for lessees requested the trial court to issue subpoenas compelling the appearance of the State Highway Commissioner and other Highway Department officials to testify as witnesses in the case. He also requested the trial court to order the issuance of a subpoena *duces tecum* to compel the production of all agreements, leases, and other writings pertaining to the negotiations between the Commissioner and the Lowes in regard to the properties taken in this condemnation. Motions to quash the requests for the subpoenas requiring the appearance of the Highway Department officials and the subpoena *duces tecum* were sustained by the trial court.

Counsel for the lessees then took the deposition of A. S. Mattox, an engineer for the Highway Department, and on motion of counsel for Mattox and the Lowes the deposition was ordered suppressed by the trial court.

When counsel for the lessees and counsel for the Lowes requested the court to pass upon certain other pre-trial motions, the trial judge disqualified himself, and we appointed another judge to hear the matter in his stead. The appointed judge, after hearing certain pre-trial motions, disqualified himself, and we then appointed the Honorable Earl L. Abbott to hear the case.

After hearing certain pre-trial motions and arguments of counsel, Judge Abbott, in a written opinion dated August 2, 1971, held that the lessees were not entitled to subpoena the records of the Highway Department or to require the highway officials to testify as witnesses

1. Now Chapter 1.1 of Title 25 of the Code, Acts of Assembly, 1972, c. 765 at 1123.

in this case; that under the purchase agreement between the Commonwealth of Virginia (acting by and through the Highway Commissioner) and the Lowes, the Commonwealth did not purchase the fixtures and equipment of the lessees; that the lessees' rights were controlled by the lease agreement of May 23, 1966, under which the lessees retained title to all the fixtures and equipment installed by them, with the right of removal at any time; and that since the lessees did not remove their fixtures and equipment, which are still on the premises and being used by them under their lease agreement with the Highway Commission, the lessees have no claim against the Commonwealth or the Lowes, or any interest in the $100,000 held in escrow. Hence the court ordered that the $100,000 be paid to the Lowes.

The lessees contend that the trial court erred (1) in holding that they were not entitled to any part of the $100,000 since the Highway Commissioner did not take their fixtures and equipment and pay the Lowes for the same; and (2) in quashing their requests for the issuance of subpoenas and suppressing the deposition of Mattox.

As a general rule a lessee is entitled to compensation for fixtures installed or erected by him which are included in property taken under eminent domain, if, as against the lessor, he has the right to remove such improvements prior to or upon the expiration of his term. *Matter of City of New York (Allen Street)*, 256 N.Y. 236, 241-247, 176 N.E. 377, 378-381 (1931); Annot., 3 A.L.R.2d 286, 302-304 (1949), and the cases there collected. See also *Gilbert* v. *State*, 85 Ariz. 321, 325-26, 338 P.2d 787, 789-90 (1959).

We do not agree with the findings of the trial judge that since the equipment annexed to the realty by the lessees was to remain the property of the lessees, with the right to remove it from the leased premises at any time, the Highway Commissioner did not take the equipment and pay the Lowes for it in the eminent domain proceeding. As between the Lowes and the lessees the fixtures were personal property, but as between the State Highway Commissioner and the lessees the fixtures and equipment attached to the building were real property. If the Highway Commissioner took the fixtures and equipment belonging to the lessees, they were entitled to compensation. The negotiated agreement between the Commissioner and the Lowes shows that the sum paid to the Lowes was "for land, all improvements thereon, and all damages." The same day this agreement was executed by the Lowes, Riley B. Lowe purchased from the Commonwealth certain equipment it had acquired in connection with the condemnation

of property for Route 295. When the Commission leased the supermarket building to Foodtown it excepted from the leased premises the "equipment" therein which it had acquired in the condemnation proceedings and had sold back to Riley B. Lowe. Indeed, the Assistant Attorney General who represented the Highway Commissioner stated in oral argument before us that certain property of the lessees was acquired by the Commonwealth as a part of the realty.

Hence we hold that the lessees were entitled to a hearing to present evidence showing what fixtures and equipment attached to the realty were taken by the Highway Commissioner and the amount they were entitled to receive therefor.

We agree with the trial judge that the lessees were not entitled to subpoena the records of the Commission for the purpose of ascertaining the appraisals placed on the property acquired and the negotiations conducted by the Commissioner and his agents with the Lowes. Nor were they entitled to call as a witness one connected with the Highway Department for the purpose of obtaining disclosure of such information. *Hornback* v. *Highway Commissioner*, 205 Va. 50, 54-55, 135 S.E.2d 136, 138-39 (1964); *Edwards* v. *Highway Commissioner*, 205 Va. 734, 737, 139 S.E.2d 845, 847-48 (1965). The provisions of Code § 33-15.1,[2] as amended, 1970 Repl. Vol., give the lessees the right to obtain from the Commissioner the amount that was paid for the entire lands and improvements taken, but do not entitle them to obtain from him information as to the values allocated to the fixtures or equipment, or the aggregate value thereof, which were taken as a part of the realty.

Since cross-error was not assigned to the trial court's holding that the lessees have no claim against the Commonwealth in this proceeding, the motion of the Assistant Attorney General, counsel for the Highway Commissioner, to dismiss the Commissioner as a party to this proceeding is sustained.

For the reasons stated, the judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

---

2. Now Code § 33.1-16.